UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BAYOU BLACK GAS STORAGE LLC** | **CASE NO. 2:25-CV-02140** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LUCKY DRAW L L C ET AL** | **MAGISTRATE JUDGE LEBLANC** |

MEMORANDUM RULING AND ORDER

Before the Court is "Black Bayou Gas Storage, LLC's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction" (Doc. 2). The Court set deadlines to respond to the request for Preliminary Injunction,[1] but as of this date, no responses have been filed and the time for doing so has now lapsed.[2]

BACKGROUND

The instant condemnation proceeding involves a requested servitude to construct, maintain, and/or operate proposed pipelines and appurtenant facilities on Defendant, Lucky Draw, LLC's property. Black Bayou alleges that these activities are necessary to deliver and store natural gas, and any delay in obtaining immediate access to the property at issue will result in irreparable harm to Black Bayou and the public at large. Black Bayou maintains that a preliminary injunction authorizing immediate entry is warranted and requests that the Court invoke its equitable power to enter an order (a) confirming Black Bayou's right to condemn the proposed servitudes sought, and (b) granting Black Bayou

---

[1] Doc. 5.
[2] The record reflects that Defendant was served on January 6, 2026. Doc. 7.

immediate possession of the servitudes to construct, maintain, and operate the pipelines at issue.

## LAW AND ANALYSIS

This is an eminent domain action filed pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h), and Rule 71.1 of the Federal Rules of Civil Procedure. Black Bayou will become an interstate natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, upon commencement of the transportation of natural gas in interstate commerce. As such, it is qualified to construct, own, operate, and maintain the Pipelines for the transportation of natural gas as an integral part of its interstate natural gas storage project (the "Project"). Black Bayou's authorization to transport and store natural gas in interstate commerce is granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").

Black Bayou intends to construct, maintain, and operate two looped, 24-inch bi-directional natural gas pipelines, and associated facilities such that they will deliver natural gas to and from Black Bayou's salt dome natural storage caverns located in Cameron and Calcasieu Parishes (the "Pipelines"). Black Bayou asserts that the Pipelines are necessary for the reliable receipt and delivery of natural gas.

Black Bayou has submitted evidence that its activities are authorized by a Certificate of Public Convenience and Necessity and related blanket certificates and other authorizations (collectively, the "FERC Certificate") granted to Black Bayou by FERC on July 24, 2025. The FERC Certificate, which was issued by FERC to Black Bayou under Section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c), expressly authorizes Black Bayou

to construct and operate as part of the Project four underground salt dome natural gas storage caverns, along with the Pipelines and associated facilities to extend from the storage caverns to interconnections with multiple interstate natural gas transmission pipelines. In order to issue the FERC Certificate to Black Bayou, FERC was required to find, and in fact found, that the Project is required by the public convenience and necessity.[3]

Black Bayou further requests injunctive relief from this Court allowing Black Bayou immediate possession of the Servitudes. Accordingly, in its Complaint in Condemnation, Black Bayou seeks an order granting it possession of the Servitudes over the Property to perform the necessary work for the construction, operation and maintenance of the Pipelines.[4]

Black Bayou informs the Court that it has attempted to negotiate with Defendant, but has been unable to obtain by contract, the rights it is seeking.

When a FERC Certificate holder "cannot acquire by contract, or is unable to agree with the owner to the compensation to be paid," the certificate holder "may acquire the same by the exercise of the right of eminent domain." 15 U.S.C. § 717f(h). Thus, Black Bayou's "acquisition of a FERC certificate cloaks it with the federal power of eminent domain . . . . ." *USG Pipeline Co. v. 1.74 Acres*, 1 F. Supp. 2d 816, 825 (E.D. Tenn. 1998); *Am. Energy Corp. v. Rockies Express Pipeline, LLC*, 622 F.3d 602, 604 (6th Cir. 2010).

> "[T]he overwhelming majority of courts which have addressed the issue have held that immediate possession is available in a condemnation action under the Natural Gas Act upon a well-founded motion for a preliminary injunction. . . . The procedure set forth in *Sage* represents the approach taken

---

[3] Plaintiff's exhibit A.
[4] Plaintiff's exhibit B.

Page **3** of **9**

by virtually every federal court that has considered the issue." *Gulf Crossing Pipeline Co. v. 86.36 Acres of Land*, No. 08-689, 2008 WL 2465892 (W.D. La. June 18, 2008).

*See, e.g.*, *Sage*, 361 F.3d at 825 ("[W]e hold that once a district court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction."); *Northern Border Pipeline Co. v. 127.79 Acres of Land*, 520 F. Supp. 170, 172 (D. N.D. 1981) ("*Northern Border I*"); *Kern River Gas Transmission Co.*, 757 F. Supp. 1110, 1120 (D. Nev. 1990). This conclusion is derived from the general proposition that "when a substantive right exists, an equitable remedy may be fashioned to give effect to that right if the prescribed legal remedies are inadequate." *Sage*, 361 F.3d at 823.

Before a Court can rule on a motion for immediate possession, it must first determine that the condemnor is entitled to condemn the property in question. *Sage*, 361 F.3d at 825, 828; *Northern Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469, 471 (7th Cir. 1998) ("*Northern Border II*"). This is so because "[a] preliminary injunction may issue only when the moving party has a substantive entitlement to the relief sought." *Northern Border II*, 144 F.3d at 471. "'[E]quity follows the law,' . . . [and it] may not be used to create new substantive rights. However, when a substantive right exists, an equitable remedy may be fashioned to give effect to that right if the prescribed legal remediates are inadequate." *Sage*, 361 F.3d at 823 (quoting *Hedges v. Dixon County*, 150 U.S. 182, 192 (1893); *Norwest Bank of Worthington v. Ahlers*, 485 U.S. 197, 206–07 (1988)); *Berdie v. Kurtz*, 88 F.2d 158, 159 (9th Cir. 1937).

Black Bayou is the holder of the FERC Certificate, which was issued to Black Bayou as a "person which will be a natural-gas company upon completion of any proposed construction," *id.* at 717f(c)(1)(A), the Natural Gas Act authorizes Black Bayou to condemn property and specifically provides, in relevant part:

> **(h) Right of eminent domain for construction of pipelines, etc.**
>
> When any holder of a certificate of public convenience and necessity cannot acquire by contract or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 U.S.C. § 717f(h).

"Under the Natural Gas Act, the Federal Energy Regulatory Commission has the power to grant a certificate of public convenience and necessity to a person, enabling said person to 'exercise . . . the right of eminent domain in the district court of the United States for the district in which such property may be located' if the grantee shows (1) that it holds a certificate of public convenience and necessity; (2) the land in question is necessary to the operations of the pipeline(s); and (3) it cannot acquire the land by contract, or is unable to reach an agreement with 'the owner of [the] property.'" *TransCameron Pipeline, LLC v. Pipeline Servitude Across Parcel of Prop. Situated in Section 20, Twp. 14 S., Range 7 W., Cameron Par., Louisiana*, No. 19-0567, 2019 WL 3941297, at *1 (W.D. La. June 20, 2019) (alterations in original) (quoting 15 U.S.C. § 717f(h)); *Cadeville Gas Storage LLC*

*v. 18.935 Acres of Land in Ouachita Par., Louisiana*, No. 12-2822, 2013 WL 12181634, at *2 (W.D. La. July 31, 2013) (gas company satisfied requirements to condemn property under Natural Gas Act where it was "the holder of a valid Certificate of Public Convenience and Necessity issued by FERC, that FERC has determined that the Defendants' property is necessary for the Project, and that [the gas company] has been unable to acquire Defendants' property by agreement.").

Black Bayou has submitted evidence that it has met all three requirements to condemn the Servitudes pursuant to the Natural Gas Act, which are: (1) the FERC Certificate authorizing it to construct, operate and maintain the Pipelines,[5] (2) the Servitude is necessary to construct, operate, and maintain the Pipelines, and (3) Black Bayou has been unable to negotiate for acquisition of the Servitudes with the Defendant.

"Once a district court finds that a gas company has the substantive right to condemn property under the Natural Gas Act, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." *TransCameron Pipeline, LLC*, 2019 WL 3941297, at *2 (citing *Sage*, 361 F.3d at 828). Indeed, "[f]ederal courts across the country have recognized that a district court has the equitable authority to grant immediate entry and possession to a natural gas company in a condemnation action brought under the Natural Gas Act." *Cadeville Gas Storage, LLC*, 2013 WL 12181634, at *2 (collecting cases). "Accordingly, in a condemnation action under the Natural Gas Act, once the condemnor's right to condemn has been recognized

---

[5] Doc. 1-5; Plaintiff's exhibit A, Doc. 2-2.

by the court, the equitable remedy of immediate possession is available if the condemnor can otherwise satisfy the criteria for preliminary injunctive relief." *Gulf Crossing Pipeline Co. LLC*, 2008 WL 2465892, at *4.

"In the Fifth Circuit, a four-factor test applies for determining whether a motion for a preliminary injunction should be granted." *Id.* (citing *Tesfamichael v. Gonzales*, 411 F.3d 169, 172 (5th Cir. 2005)). Pursuant to this test, "the movant has the burden of proving each of the following:

> (1) a substantial likelihood that the movant will prevail on the merits;
>
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted;
>
> (3) that the threatened injury to the movant outweighs the threatened harm an injunction may cause the party opposing the injunction; and
>
> (4) that the granting of the injunction will not disserve the public interest."

*Id.*

First, Black Bayou argues that it has demonstrated that it is entitled to condemn the Servitudes and thus, it has met its burden to show a likelihood of success on the merits. The Court notes that Defendant has not come forward to dispute this and as such, the Court finds that Black Bayou has established a likelihood of success on the merits.

Second, Black Bayou argues that it will suffer irreparable injury without the preliminary injunction. Black Bayou maintains that the Servitudes are necessary to construct, maintain, and operate the Pipelines and the FERC Certificate imposes certain deadlines on Black Bayou to have all facilities completed and available for service within

five years of the date of the order. The FERC Certificate makes starting *any* construction, site preparation, and even staging related to the Project contingent upon surveying 100% of the Project area, including the Pipeline route.[6] Black Bayou informs the Court that Defendant's property is the only remaining property that has not been surveyed and is currently holding up every other aspect of the project.[7] As such, Black Bayou argues that in order to meet the FERC deadline to complete the project, it needs immediate possession of the Servitudes.

Next, Black Bayou maintains that the injury to it outweighs any injury to the owner of the property because any delay will prevent it from constructing, operating, and maintaining the proposed Servitudes, which will frustrate the supply chain and result in increased costs for all involved. Black Bayou remarks that by contrast, the landowner will not be harmed if Black Bayou is granted immediate access rather than waiting until the completion of the ancillary proceedings in this matter, including the just compensation hearing.

Finally, Black Bayou maintains that granting the injunction will not disserve the public but is in the interest of the public at large because it will increase or sustain the overall supply of natural gas available to the public. In granting Black Bayou the FERC Certificate, FERC conclusively determined that Black Bayou's project is required by and serves the public convenience and necessity, a finding that cannot be collaterally attacked in this proceeding.[8]

---

[6] Plaintiff's exhibit A, p. 38 (B)(3), p. 48, ¶ 14(a).
[7] Plaintiff's exhibit E, Affidavit of Daniel James.
[8] Plaintiff's exhibit A.

## CONCLUSION

The Court finds that Black Bayou has the authority to condemn the Servitudes on the subject property and has met all of the requirements for this Court to grant the Motion for preliminary injunction and authorize immediate access to the property to begin construction, maintenance and operation of the Pipelines. Accordingly, it is

**ORDERED** Black Bayou Gas Storage, LLC's Motion to Confirm Condemnation of Servitudes and for Preliminary Injunction (Doc. 2) is **GRANTED,** and that Black Bayou has the right to condemn the Servitudes with the Property, and that Black Bayou be granted immediate possession of the Servitudes.

**THUS DONE AND SIGNED** in chambers on this 12th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**